# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| THERESA MARIE BARBERO, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:19-cv-03169-SRB |
| WILHOIT PROPERTY MANAGEMENT, INC., | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. #11). The motion is GRANTED, and this case is dismissed without prejudice.

**I.     Background**

*Pro se* Plaintiff Theresa Marie Barbero was granted leave to proceed *in forma pauperis* on May 24, 2019. Defendant Wilhoit Property Management, Inc. filed a motion to dismiss on June 10, 2019. On June 11, 2019, Plaintiff filed two documents: 1) Plaintiff's Motion for Leave to File a Statement of Claim; and 2) Plaintiff's Opposition to Defendants' Motion to Dismiss. (Doc. ##8, 8-1). The Court construed Plaintiff's Motion for Leave to File a Statement of Claim as a motion for leave to file an amended complaint. By Order, the Court reminded Plaintiff that pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) she could amend her complaint once as a matter of course within 21 days after service of a motion under Rule 12(b). (Doc. #9). Plaintiff timely filed her amended complaint, which she titled "Statement of Claim," on June 22, 2019. Defendant Wilhoit filed its second and present motion to dismiss on July 8, 2019.[1]

---

[1] The motion is filed by Defendant Wilhoit Property Management, Inc. and Sandra Heidelberg, but Sandra Heidelberg is not identified as a defendant in the amended complaint. (Doc. #10).

On July 9, 2019, Plaintiff filed a motion for leave to amend the complaint a second time. The Court denied Plaintiff's motion for leave to amend for failure to comply with Rule 15(a)(2) and Local Rule 15.1(a). On July 13, 2019, Plaintiff filed a document titled "Plaintiff's First *Proposed* Amended Complaint." (Doc. #16). The Court construed this filing as a motion for leave to file a second amended complaint. The Court denied the motion without prejudice because Plaintiff again failed to comply with Rule 15(a)(2) in that she did not explain to the Court why justice required the Court to grant leave to amend the complaint a second time. (Doc. #17). On July 23, 2019, Plaintiff filed a document titled "Plaintiff's Exhibit A Second Proposed Amended Complaint." (Doc. #18). Plaintiff attached her proposed second amended complaint to this filing. (Doc. #18-1). Plaintiff's filing did not respond in any way to the arguments Defendant Wilhoit made in support of its motion to dismiss Plaintiff's first amended complaint. Rather, Plaintiff's filing argued that "justice so requires for Plaintiff's second proposed amended complaint . . . to be granted as Plaintiff has met the criteria to proceed and defendants' motion to dismiss should be denied." (Doc. #18, p. 1).

Plaintiff's factual allegations have remained consistent throughout her many filings and attempted filings, although the claims she attempts to assert have changed. Plaintiff alleges she was denied the value of her HUD voucher when she was forced to move out of Defendant Wilhoit's apartment only two weeks after moving in, due to the living conditions, i.e., no furniture, no internet, other tenants who harassed her, and other tenants smoking outside her apartment. Plaintiff does not allege why she was unable to use the HUD voucher prior to the February expiration.

Plaintiff's first amended complaint, at which the pending motion to dismiss is directed, includes the following claims: 1) Count 1 – 42 U.S.C. § 1981, Equal Rights Under the Law; 2)

Count 2 – 42 U.S.C. § 12132, Discrimination; 3) Count 3 – 42 U.S.C. § 3617, Fair Housing Act Violations; 4) Count 4 – Retaliation Violations; 5) Count 5 – 42 U.S.C. § 12101, ADA Violations, Title II & Title III; 6) 18 U.S.C. § 2255, Civil Remedy for Personal Injuries; 7) 42 U.S.C. § 1437z-1, Civil Money Penalties Against Section 1437f Owners; 8) 42 U.S.C. § 1437f, Grossly Negligent; 9) Count 9 – Non-Smokers Rights; 10) Count 10 – 42 U.S.C. § 1983, Civil Action for Deprivation of Rights; 11) Count 11 – 42 U.S.C. § 1986, Action for Neglect to Prevent; 12) Count 12 – 42 U.S.C. § 3613, Enforcement by Private Persons; 13) Count 13 – 42 U.S.C. § 3604, Discrimination in the Sale or Rental of Housing and other Prohibited Practices; and 14) Count 14 – 42 U.S.C. § 3601, Declaration of Policy-Civil Rights Act 1968. Plaintiff's proposed second amended complaint includes the following claims: 1) Count 1 – Fraud; 2) Count 2 – Discrimination; 3) Count 3 – Economic Losses; 4) Count 4 – Retaliation; 5) Count 5 – Mental Anguish; 6) Count 6 – Grossly Negligent; and 7) Count 7 – Non-Smokers Rights.

## II. Legal Standard

In order to survive a motion to dismiss, Plaintiff's complaint must meet the standard set out in Rule 8(a), which requires that a plaintiff plead sufficient facts to state a claim upon which relief may be granted. Fed. R. Civ. P. 8(a); *accord* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Legal conclusions in the complaint merit no deference. *Id*.

In determining whether a complaint alleges sufficient facts to state a plausible claim to relief, all factual allegations made by the plaintiff are accepted as true. *McDonough v. Anoka Cty.*, 799 F.3d 931, 945 (8th Cir. 2015), *cert. denied sub nom. McDonough v. Anoka County,*

*Minn.*, 136 S. Ct. 2388 (2016). If the facts in the complaint are sufficient for the Court to draw a reasonable inference that defendants are liable for the alleged misconduct, the claim has facial plausibility and will not be dismissed. *Iqbal*, 556 U.S. at 678. The Court should be especially deferential when reviewing the facts in a *pro se* complaint. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) ("A *pro se* complaint must be liberally construed . . . and *pro se* litigants are held to a lesser pleading standard than other parties[.]"). In other words, the complaint should be construed "in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)). However, the Court should not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 915.

Given that Plaintiff has amended her complaint once as a matter of right pursuant to Rule 15(a)(1)(B), any subsequent amendments are governed by Rule 15(a)(2), which provides, "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "[P]laintiffs do not have an absolute or automatic right to amend." *U.S. ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (citation omitted). A Court may deny leave to amend if the amendment would be futile, meaning the proposed amended complaint would not survive a motion to dismiss under Rule 12. *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010).

### III. Discussion

Particularly given Plaintiff's failure to respond to Defendant Wilhoit's arguments in support of the motion to dismiss the first amended complaint, the Court is persuaded by Defendant Wilhoit's arguments that the first amended complaint fails to state a claim. Plaintiff's

claims fail for numerous reasons, and the following discussion with respect to each count is not an exhaustive listing of the pleading deficiencies.

Count 1 fails because Plaintiff does not identify her race or allege that her race affected her interactions with Defendant Wilhoit. *See* 42 U.S.C. § 1981 ("All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . [.]").

Count 2 fails because Plaintiff does not identify her disability nor does she allege how Defendant Wilhoit treated her differently as a result of her disability. *See* 42 U.S.C. § 12132 ("[N]o qualified individual with a disability shall, by reason of such disability, . . . be subjected to discrimination by any such entity."). Plaintiff alleges "Defendant[] 'Wilhoit' knowingly treated Plaintiff differently to her detriment by allowing a bully to be angry and almost causing an auto accident in their parking lot, while Plaintiff was trying to drive slowly on the ice." (Doc. #10, p. 3). Plaintiff alleges the "bully" was another of Defendant's tenants, but even so, Plaintiff's allegations do not state a claim under § 12132.

Count 3 fails because Plaintiff does not allege how she was intimidated or coerced by Defendant Wilhoit. *See* 42 U.S.C. § 3617 ("It shall be unlawful to coerce, intimidate, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed . . . any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.). Plaintiff's Count III only recites the statute and quotes from caselaw and does not allege any facts.

Count 4 fails because Plaintiff does not allege the necessary elements of a claim under the statutes she cites – 42 U.S.C. § 2000a-2 and 42 U.S.C. § 3617. Plaintiff alleges Defendant

5

Wilhoit retaliated against her by refusing to return her deposit and a pro-rated rent for the month of January. Plaintiff does not allege what protected action she took that caused Defendant Wilhoit to retaliate against her, nor does Plaintiff allege that she was otherwise entitled to return of the monies.

Count 5 again quotes statutes and caselaw and includes only two sentences of factual allegations. Plaintiff alleges, "Since 2015, Plaintiff is on government disability. Defendants 'Wilhoit' through their application process, knew that Plaintiff had a disability." (Doc. #10, p. 6). Plaintiff does not identify her disability, nor does Plaintiff identify how Defendant discriminated against her as a result of her disability. Plaintiff also does not allege that Defendant is the type of entity covered by either Title II or Title III of the Americans with Disabilities Act.

Count 6 fails because the statute on which the claim is based, 18 U.S.C. § 2255, applies to minors who are victims of sex trafficking or child pornography crimes.

Counts 7 and 8 fail because Plaintiff does not have a private right of action under either cited statute. *See* 42 U.S.C. § 1437z-1(b)(1) ("The Secretary may impose a civil money penalty under this section . . . ); 42 U.S.C. 1437f (b)(1)-(2) ("The Secretary is authorized to enter into annual contributions contracts with public housing agencies. . . ).

Count 9 fails because 24 C.F.R. § 965.651 applies to "public housing" which is defined as "low-income housing, . . . other than assistance under section 8 of the 1937 Act." Plaintiff's first amended complaint, accepted as true, falls outside of 24 C.F.R. § 965.651.

Count 10 fails because Plaintiff does not allege she suffered a constitutional deprivation nor does she allege Defendant Wilhoit is a state actor. *See* 42 U.S.C. § 1983.

Counts 11 and 12 fail because Plaintiff only quotes the statutes and alleges no facts in support of either claim.

Count 13 fails because Plaintiff does not allege facts sufficient to state a claim for discrimination under 42 U.S.C. § 3604. Plaintiff's sole factual allegation with respect to Count 13 states, "Defendants 'Wilhoit' denied Plaintiff a temporary condition to allow her ESA dog to go outside off leash due to brutal ice and snow storm." (Doc. #10, p. 10). The statute defines "discrimination" to include "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." Plaintiff does not allege how Defendant Wilhoit's refusal to allow Plaintiff's dog to go off leash during a snowstorm affected Plaintiff's ability to use and enjoy her dwelling.

Count 14 fails because 42 U.S.C. § 3601 is a policy declaration and does not confer a private right of action. *See* 42 U.S.C. § 3601 ("It is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States.").

The Court further finds that leave to file the proposed second amended complaint must be denied as futile. The proposed second amended complaint would be subject to dismissal for a variety of reasons, the most immediate of which is that the proposed second amended complaint does not implicate the Court's subject-matter jurisdiction. Plaintiff's proposed second amended complaint states subject-matter jurisdiction is based on 28 U.S.C. § 1331, but none of the claims in the proposed second amended complaint are based on the United States Constitution or federal law. Only one claim is based on a federal regulation, i.e., Count 7, which relies on 24 C.F.R. § 965.651. As previously stated, 24 C.F.R. § 965.651 applies to "public housing" which is defined

as "low-income housing, . . . other than assistance under section 8 of the 1937 Act." Plaintiff's proposed second amended complaint, accepted as true, falls outside of the regulation.

### IV.     Conclusion

Accordingly, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. #11) is GRANTED.  This case is dismissed without prejudice.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough  
STEPHEN R. BOUGH  
UNITED STATES DISTRICT JUDGE

Dated:  August 15, 2019